UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

RICKY FLAMINGO BROWN,                )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        No.:    3:25-CV-370-TAV-DCP
                                     )
TANNER REHEAL, et al.,               )
                                     )
            Defendants.              )

## MEMORANDUM OPINION AND ORDER

Plaintiff Ricky Flamingo Brown, a prisoner incarcerated at the Northwest Correctional Complex who is proceeding pro se in this civil rights action under 42 U.S.C. § 1983 [Doc. 2], has filed a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court finds that Plaintiff's motion [*Id.*] should be denied and this action dismissed without prejudice to Plaintiff's ability to pay the $405.00 filing fee in full and thereby reinstate this case.

## I.     LAW AND ANALYSIS

The resolution of Plaintiff's motion to proceed *in forma pauperis* is guided by what is commonly referred to as the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff acknowledges that he has had cases previously dismissed based on the three strikes rule [Doc. 2, p. 13; Doc. 2-2]. And the Court confirms that Plaintiff has previously filed at least three cases as a prisoner that were dismissed as frivolous. *See, e.g., Brown v. Powell*, No. 2:09-CV-63 (E.D. Tenn. June 9, 2009) (dismissing complaint pursuant to three strikes rule and noting plaintiff had previously filed numerous cases that were dismissed as frivolous); *Brown v. Perry*, No. 1:17-CV-1036 (W.D. Tenn. Mar. 21, 2018) (denying plaintiff's motion to proceed as a pauper and listing five cases Plaintiff had previously filed that were dismissed as frivolous). Therefore, Plaintiff cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

To avail himself to the "imminent danger" exception under § 1915(g), Plaintiff's complaint must contain "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Here, Plaintiff's complaint alleges past harm; it does not allege that he is currently in imminent danger of serious physical injury. Therefore, Plaintiff is not entitled to the emergency intervention envisioned by the three-strikes exception to the PLRA.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's motion[1] to proceed *in forma pauperis* [Doc. 1] is **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without prejudice to Plaintiff's ability to pay the $405.00 filing fee in full and thereby

---

[1] The Court notes that the motion is also deficient, as it is not accompanied by the required inmate trust account statement for the previous six months. *See* 28 U.S.C. § 1915(a)(2).

2

reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Accordingly, this case will be **CLOSED**.

Finally, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE